FILED

2012 Apr-10  AM 09:39
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **DAVID L. FLANIGAN, an individual,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Civil Action No.:** |
| **LVNV FUNDING, LLC, a corporation;** | ) ) ) | |
| **Defendant.** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for his Complaint against the Defendants states as follows:

1.  This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act[1] (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]), out of state law violations and out of the invasion of Plaintiff's personal and financial privacy by the Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

2.  The Plaintiff was sued for a debt he did not owe.

3.  Defendant LVNV never had any intention of offering any proof at trial.

---

[1] Any reference the FDCPA or any part thereof encompasses all relevant parts and subparts thereto.

4.      Instead, the lawsuit against Plaintiff was filed in a hope of obtaining a default judgment or coercing Plaintiff into paying on a debt he did not owe.

5.      This is the pattern of collection activity by Defendant LVNV in its collection lawsuits in Alabama.

6.      The Plaintiff won the lawsuit.

7.      Defendant LVNV is wrongfully still attempting to collect on this debt that a judge ruled is not owed.

## JURISDICTION

8.      Personal jurisdiction exists over Defendant LVNV as it has the necessary minimum contacts with the State of Alabama and this suit arises out of its specific conduct with Plaintiff in Alabama.

9.      Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through diversity jurisdiction (28 U.S.C. Section 1332).

## VENUE

10.     Venue is proper as Plaintiff lives in this judicial district, the events took place in this judicial district, and the Defendant LVNV does business in this judicial district.

## PARTIES

11.   Plaintiff  David L. Flanigan (hereinafter "Plaintiff") is a natural person who is a resident of this judicial district in Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12.   Defendant LVNV Funding, LLC, ("Defendant" or "LVNV[2]") is a foreign debt collection firm that engages in the business of debt collection in this judicial district in Alabama.  It is a "debt collector" under the FDCPA.  It is incorporated in Delaware and has its principal place of business in Nevada.

## BACKGROUND INFORMATION ON DEBT BUYER LAWSUITS IN ALABAMA

13.   This case represents a growing trend in the debt collection and credit reporting industries.

14.   First, a debt buyer which claims to buy the Plaintiff's debt for pennies on the dollar will sue the Plaintiff in small claims or district court.

15.   While the debt buyer will claim that it has accurate records, this is not true.

16.   The purchase agreement between the original creditor and the first debt buyer will state that there is no promise or representation as to the accuracy of the information sold to the first debt buyer.

---

[2] "LVNV" means LVNV directly or through its debt collectors, employees and agents and the collection law firm that sued Plaintiff, credit reported against Plaintiff, or otherwise took any collection action against Plaintiff.

17. That first debt buyer cannot represent any greater quality to any subsequent debt buyer.

18. In any event, one of the debt buyers will sue the Alabama consumer.

19. The debt buyer will hire a collection law firm to file the suit.

20. Generally, most consumers default as they assume if a lawsuit has been filed, it must be legitimate.

21. Occasionally, however, the consumer will file an answer and deny owing money.

22. This causes great annoyance and angst for the debt buyer and the collection law firm.

23. The reason is that the debt buyer and the collection lawyer know that in virtually every case they will be unable (or unwilling) to prove that the consumer owes this debt to the debt buyer.

24. The debt buyer and collection law firm have no intention of proving their case.

25. No witness will be provided by the debt buyer.

26. The entire model is based upon filing a high volume of cases, obtaining default judgments, and never having to make any effort to prove the allegations of the lawsuit.

27.   When resistance is provided, such as an attorney defending a consumer, the debt buyer knows the case will be lost as it has no evidence, no witness, and no intention of proving the case.

28.   This is a reality that the debt buyers and collection lawyers prefer to keep secret from consumers in Alabama.

29.   The case gets set for trial.

30.   The judge rules in favor of the consumer at the trial.

31.   The debt buyer and collection law firm have 14 days to appeal from an adverse judgment in Alabama Small Claims or Alabama District Court.

32.   The debt buyer does not appeal.

33.   The debt buyer knows that losing its case means under Alabama law that the debt is not owed by the consumer to the debt buyer.

34.   Since the debt is not owed, collection efforts must cease.

35.   Since the debt is not owed, false credit reporting has occurred and must cease by the debt buyer (and its related collection entities).

36.   Normally, however, the debt buyer is not willing to give up.

37.   The debt buyer will continue collection activities against the consumer even though no debt is owed.

38.   When caught illegally collecting, the debt buyer will say the collection efforts were merely accidents caused by one or more of the following (or similar excuses):

39.   "A new person was working who improperly coded the file."

40.   "A simple keyboard error occurred that kept the debt alive."

41.   "The continued credit reporting was simply to give the consumer a chance to pay off a moral obligation but was not really an attempt to collect the debt."

42.   "The debt buyer files so many lawsuits; it can't be expected to keep up with which ones it loses."

43.   "The debt buyer did not even know the collection law firm had filed the suit."

44.   "The collection law firm never told the debt buyer the suit had been lost."

45.   "The debt buyer can collect on any debt, even one that is not owed, because the consumer is guilty until he or she proves that he is innocent."

46.   When sued over this illegal conduct, the debt buyer will make the excuses listed above.

47.   Ultimately, when sued, the debt buyer will say "Well, yes, technically this should not have happened but despite losing in court we all know this consumer really did owe the money, so we are allowed to violate multiple state and federal laws."

48.   When sued, the debt buyer will say it is the fault of the consumer.

49.    When sued, the debt buyer will blame the collection law firm.

50.    When sued, the debt buyer will say the consumer is guilty of contributory negligence.

51.    Amazingly, when sued the debt buyer will say that the judgment of a small claims or state district court judge is "not a real judgment" and should not bind the debt buyer and the debt buyer will desire to show that the debt really was owed, despite losing the collection lawsuit.

52.    The Plaintiff in this case disagrees and has brought this case to expose this dark side of the collection industry (specifically Defendant LVNV) and how the collection industry abuses consumers across Alabama in a routine, systematic, and deliberate manner.

53.    The factual allegations above relate directly to Defendant LVNV concerning the filing of the lawsuit by Defendant LVNV, its lack of any intent or ability to prove its case against Plaintiff who does not owe Defendant LVNV any money on this account, and Defendant LVNV's continued collection activities against Plaintiff.

## RECOGNITION OF THE WIDESPREAD ABUSE BY COLLECTORS

54.    Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.

55.   Congress recognized that there are four social ills caused by abusive debt collection:  (1) Unnecessary personal bankruptcies; (2) Marital instability; (3) Loss of jobs; and (4) Invasions of individual privacy.

56.   Congress also found that it is fundamentally unfair for the abusive collection agencies to have an unfair competitive advantage over those honorable debt collectors that decide to obey the law and follow the rules.

57.   15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

(a)   There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

(b)   Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)   **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts**.

(d)   Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)   It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## Collection Activities Before the Collection Lawsuit

58.    Defendant LVNV sent numerous collection letters on the alleged debt that it ultimately sued Plaintiff on and those letters reflected different amounts allegedly owed.

59.    On February 7, 2009, Defendant LVNV (through the collection agency of National Enterprise Systems) stated the account number was 5049941150473830 and the total amount due was $1,318.54.

60.    On October 22, 2010, Defendant LVNV (through the collection law firm of Budzik & Dynia, LLC) stated the account number was 5049941150473830 and the current balance was $1,527.71.

61.    On December 16, 2010, Defendant LVNV (through the collection law firm of Zarzaur & Schwartz, P.C.) stated the file number was XXX-3830 and the amount due was $1,277.06.

62.    Even after suing Plaintiff (described below), Defendant LVNV (through the collection law firm of Zarzaur & Schwartz, P.C.) stated in a July 7, 2011, letter that the file number was 5049941150473830 and that "You have a balance due of $1,367.20."

## The Small Claims Complaint

63. On June 23, 2011, Defendant LVNV sued Plaintiff in the Small Claims Court of Jefferson County (Bessemer Division), Alabama, with a case number of SM-2011-900367.

64. This suit was filed by the Zarzaur & Schwartz collection law firm.

65. In this suit, Defendant LVNV asserted it was the owner of a certain debt allegedly owed by Plaintiff.

66. The amount owed was listed at $1,277.06 plus court costs.

67. This amount differs from three of the four collection letters described above.

68. The original creditor is listed as "Citibank."

69. The suit has a warning to the Plaintiff Flanigan who was sued that if he failed to respond, a judgment may be entered against him and "ONCE A JUDGMENT HAS BEEN ENTERED AGAINST YOU, YOUR PAYCHECK CAN BE GARNISHED AND/OR **YOUR HOME OR PROPERTY SOLD** TO SATISFY THAT JUDGMENT."   [Emphasis added].

70. Given this lawsuit and the strong threat to potentially take Plaintiff's home property, Defendant LVNV would be expected to have an intention of proving its case.

71. No such intention existed.

72.    Defendant LVNV never intended to offer one shred of evidence to prove its case.

73.    This lawsuit, and the hundreds of other Alabama lawsuits filed by LVNV, was filed with the intention of getting settlements from pro se consumers and default judgments on debts that Defendant LVNV cannot and will not prove it has any right to collect on.

## Plaintiff Answers The LVNV Lawsuit

74.    Plaintiff did not and does not owe the debt.

75.    Plaintiff filed an Answer denying the allegations of Defendant LVNV.

76.    The Answer was filed on July 29, 2011 by Plaintiff's attorney.

77.    Defendant LVNV received a copy of this denial.

78.    Defendant LVNV understood that Plaintiff was refusing to pay on this debt.

79.    Defendant LVNV understood that Plaintiff disputed this debt.

## The Judge Sets The LVNV Lawsuit For Trial

80.    The state court set the case for trial.

81.    Notice was sent to Defendant LVNV and Plaintiff.

82.    At all times Plaintiff was prepared for trial.

83.    At all times Defendant LVNV was unprepared for trial.

84.    Defendant LVNV knew that with its intention to never prove the case, and with a represented Plaintiff, the game was over.

11

## LVNV Loses The Collection Case

85.  On October 21, 2011, Circuit Court Judge Annetta H. Verin (hearing this small claims case) entered a judgment for Plaintiff Flanigan.

86.  This ended the case Defendant LVNV filed against Plaintiff.

## Defendant LVNV Falsely Credit Reports on Plaintiff's Credit

87.  On Plaintiff's Equifax credit report, accessed April 4, 2012, the Defendant LVNV account is shown as having an account number of 504994115047XXXX, a balance of $1,438, last reported March 2012, that it is a collection account, and there is no notation that the account is disputed.

88.  On Plaintiff's Experian credit report, accessed April 4, 2012, the Defendant LVNV account is shown as having an account number of 504994115047XXXX, a balance of $1,438 as of March 2012, that it is a collection account, it is a Citibank Sears Premier Card account, and there is no notation that the account is disputed.

89.  On Plaintiff's Trans Union credit report, accessed April 4, 2012, the Defendant LVNV account is shown as having an account number of 504994115047XXXX, a balance of $1,438 as of March 19, 2012, that it is a collection account, it is a Citibank Sears Premier Card account, and there is no notation that the account is disputed.

90.   Credit reporting by Defendant LVNV occurred before, during, and after the collection lawsuit.

### Remaining Factual Allegations Against Defendant LVNV

91.   Defendant LVNV is not the owner of this alleged debt.

92.   Defendant LVNV has collected against Plaintiff when Plaintiff did not owe any money to Defendant LVNV on this account.

93.   Defendant LVNV has misrepresented the debt to Plaintiff.

94.   Defendant LVNV has threatened to take action it knows is illegal for Defendant LVNV to take.

95.   These collection activities include credit reporting.

96.   Plaintiff did not and does not owe this money to Defendant LVNV.

97.   The debt being collected is a consumer debt as defined by the FDCPA.

98.   Plaintiff is a "consumer" as defined by the FDCPA.

99.   Defendant LVNV is a "debt collector" as defined by the FDCPA.

100.   Defendant LVNV refused to give Plaintiff all required notifications and disclosures under the FDCPA.

101.   Defendant LVNV has been repeatedly sued in Alabama for filing suits with no basis to do so.

102.   Defendant LVNV has been repeatedly sued in Alabama for filing suits with no intention of proving the allegations in the lawsuits.

103.   Defendant LVNV has been repeatedly sued in Alabama for false credit reporting on debts not owed by Alabama consumers.

104.   Defendant LVNV has been repeatedly sued in Alabama for continuing collection activities by demanding payments from consumers after the consumers have won their LVNV collection cases.

105.   A judgment exists in this state against Defendant LVNV for this same type of wrongful conduct.

106.   Defendant LVNV has full knowledge of what it is doing by filing bogus lawsuits and illegal collection activities.

107.   Defendant LVNV files numerous lawsuits with no intention of proving those lawsuits.

108.   Defendant LVNV is counting on the fact that many Alabama consumers will not answer and so default judgments will be entered.

109.   This type of "scattershot" litigation strategy is improper, deceptive, and abusive.

110.   The conduct of the Defendant LVNV has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

111. It is a practice of the Defendant LVNV to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA and state law.

112. Defendant LVNV knows its conduct is wrong.

113. All actions taken by employees, agents, servants, or representatives of any type for the Defendant LVNV were taken in the line and scope of such individuals' employment, agency or representation.

114. All actions taken by the Defendant LVNV were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FDCPA and/or state law and/or that they knew or should have known that its actions were in reckless disregard of the FDCPA and/or state law.

115. Defendant LVNV has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and/or credit reports and as such Defendant LVNV is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by this Defendant and similar companies.

116. Defendant LVNV is liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and

omissions done in violation of state and federal law by their collection employees and agents, including but not limited to violations of the FDCPA and Alabama tort law, in its attempts to collect this debt from Plaintiff.

## SUMMARY

117. All of the above-described collection activities made to Plaintiff by Defendant LVNV were made in violation of the FDCPA, including (but not limited to) §1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692e(11), 1692f, 1692f(1), 1692f(6), and 1692g.

118. The above-detailed conduct by the Defendant LVNV of harassing Plaintiff in an effort to collect this debt was also an invasion of Plaintiff's privacy and resulted in actual damages to the Plaintiff.

119. This series of abusive collection actions by Defendant LVNV caused Plaintiff stress and anguish.

120. Defendant LVNV 's attempts to collect this debt from Plaintiff and refusal to stop violating the law is an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

121. Plaintiff has suffered actual damages as a result of these illegal actions by Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

122. Defendant LVNV negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## CAUSES OF ACTION

### COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

123. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

124. The acts and omissions of Defendant LVNV constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff, including (but not limited to) §1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692e(11), 1692f, 1692f(1), 1692f(6), and 1692g.

125. As a result of Defendant LVNV's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant LVNV.

### COUNT II.

### INVASION OF PRIVACY

126. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

127.   Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant LVNV violated Alabama state law as described in this Complaint.

128.   Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

129.   Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

130.   Defendant LVNV intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns

or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

131. Defendant LVNV intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

132. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

133. The conduct of Defendant LVNV, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant LVNV which occurred in a way that would be highly offensive to a reasonable person in that position.

134. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant LVNV.

135. All acts of Defendant LVNV were committed with malice, intent, wantonness, and/or recklessness and as such Defendant LVNV is subject to punitive damages.

## COUNT III.

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

136.  Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

137.  Defendant LVNV's collectors are allowed and encouraged to break the law in order to collect debts.

138.  Defendant LVNV is aware of the wrongful conduct of its collectors.

139.  Defendant LVNV negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant LVNV is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## COUNT IV.

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

140.  All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

141.  Defendant LVNV had a duty, and assumed a duty, to treat Plaintiff fairly and with reasonable care.

142.  Defendant LVNV had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiff.

143.    Defendant LVNV acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

144.    Defendant LVNV violated all of the duties Defendant LVNV had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

145.    It was foreseeable, and Defendant LVNV did in fact foresee it, the actions of Defendant LVNV would lead and did lead to the exact type of harm suffered by Plaintiff.

146.    Defendant LVNV acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

147.    Defendant LVNV invaded the privacy of Plaintiff as set forth in Alabama law.

148.    Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

149.    As a result of this conduct, action, and inaction of Defendant LVNV, Plaintiff has suffered damages as set forth in this Complaint.

## COUNT V

## MALICIOUS PROSECUTION AND ABUSE OF PROCESS AGAINST DEFENDANT LVNV

150.  All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

151.  Defendant LVNV instituted and continued prosecuting the lawsuit against Plaintiff with no reasonable basis to do so.

152.  Defendant LVNV filed the lawsuit with no intention of ever proving its case.

153.  Defendant LVNV continued to prosecute the case with no intention of ever proving its case.

154.  Defendant LVNV filed and used this case as a means of attempting to extort money out of Plaintiff or obtaining a default judgment against Plaintiff if Plaintiff did not answer the suit.

155.  Defendant LVNV instituted and continued prosecuting the lawsuit against Plaintiff with malice and with the design and plan that the lawsuit would result in an illegal judgment against the Plaintiff or would cause Plaintiff to pay Defendant LVNV money on a non-existent debt.

156.  The malicious plan of Defendant LVNV included the knowledge that the fraudulent judgment would be devastating to Plaintiff's credit report and credit scores and would lead to garnishments and the Defendant LVNV tried to accomplish this by the Defendant LVNV's malicious and abusive actions.

157. Throughout the entire illegal lawsuit against Plaintiff, Defendant LVNV knew at all times that there was no basis for the lawsuit and the intent and design of filing the lawsuit and continuing to prosecute the lawsuit was to extort money from the Plaintiff which Defendant LVNV knew it was not entitled to receive.

158. The litigation against Plaintiff filed by Defendant LVNV eventually resulted in adjudication in favor of Plaintiff.

159. The illegal and improper actions of the Defendant LVNV constitute malicious prosecution and abuse of process.

160. This is the pattern and practice of Defendant LVNV – to file suits with no basis and no intention of ever proving the case in an attempt to obtain default judgments against Alabama consumers.

161. The Plaintiff suffered past and future emotional distress and monetary loss as a direct and proximate result of Defendant LVNV's abuse of process and malicious prosecution.

## **PRAYER FOR RELIEF**

**WHEREFORE**, **PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against Defendant LVNV for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiff claims

more than $75,000.00), costs, expenses, fees, injunctive relief to prevent further

violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
**M. Stan Herring (HER037)**
**Attorneys for Plaintiff**

**OF COUNSEL:**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

/s/ John G. Watts
**Attorney for Plaintiff**

**Serve defendant via certified mail at the following address:**

LVNV Funding, LLC
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, Alabama 36104